UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

VALERIECE D. EALOM,
        DEFENDANT

vs.                                          CASE NO. 03-00329-02-CR-W-FJG

UNITED STATES OF AMERICA,
        PLAINTIFF

## MOTION TO DISMISS SUPERVISED RELEASE PETITION

COMES NOW Defendant **VALERIECE D. EALOM**, requesting that this Honorable Court dismiss the pending petition against her. This motion for dismissal is being submitted to the court for review for the foregoing reasons.

## BACKGROUND

Defendant **VALERIECE D. EALOM** was indicted and convicted in the Western District of Missouri in January of 2005 for violating federal statue on Controlled Substances. She was sentenced to 120 months in the Bureau of Prisons. She completed her sentence and commenced supervised release on July 30, 2014. As ordered by this Honorable Court, her term of supervised release was 5 years. She attended and completed a re-entry court program, thus reducing her term of supervised release to 3 years. This new term of supervised release was set to expire on July 29, 2017. A warrant was lodged for her arrest on July 25, 2017. She was placed in custody and has not been before the court for a violation hearing. She is housed at the Leavenworth Detention Center in Leavenworth, Kansas.

## ARGUMENT

Defendant **EALOM** is requesting a hearing before the court so that she may be able to settle the matter at hand. She has attempted on several occasions to implore her defense counsel, Marc Ermine, to confer with the court for a hearing date. Defendant **EALOM** is not versed in federal law, nor does she posses a law degree, but there has to be some time frame as to how long a defendant can sit in custody, without having a hearing. This constitutes a violation of Federal Rules of Criminal Procedure 32.

Federal Rule of Criminal Procedure 32.1(b)(2) requires a court "hold the revocation hearing within a reasonable time in the district court having jurisdiction." Fed. R. Crim. P. 32.1(b)(2). **EALOM** argues that the delay, here, is not within a "reasonable time" as required by Rule 32.1(b)(2). The Eighth Circuit Court of Appeals has held that "the provisions of Rule 32.1(a)(1) apply only to those individuals in custody solely for the violation of probation or supervised release." United States v. Pardue, 363 F.3d 695, 698 (8th Cir. 2004); see United States v. Sackinger, 704 F.2d 29, 30 ("Rule 32.1 exists to protect the probationer from undue federal incarceration and to protect the probationer's ability to defend the violation allegations." Pardue, 363 F.3d at 698. Unlike Pardue, **EALOM** is not being held in custody for any other charges. She has been incarcerated for nearly 180 days on an alleged supervised release violation, without being brought before the court. **EALOM** has been denied a proper hearing, as well as her right to address the court to challenge and defend the alleged violations lodged against her.

The right of allocution is not a constitutional one. Rather, the right of allocution derives from the Federal Rules of Criminal Procedure. The rule governing "Sentence and Judgment," Fed. R. Crim. P. 32(c)(3)(C), requires district courts, before imposing sentence, to address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence. The rule governing hearings on revocation of probation or supervised release, Fed. R. Crim. P. 32.1(a)(2), provides the following rights: written notice of the alleged violation; disclosure of incriminating evidence; an opportunity to appear and present evidence, and to question adverse witnesses; and notice of the right to be represented by counsel.

While Fed. R. Crim. P. 32.1 does not specifically delineate a right of allocution, or otherwise address imposition of sentence following revocation of supervised release, Fed. R. Crim. P. 32 is not expressly limited to sentencing immediately following conviction. Rules 32 and 32.1 are complementing rather than conflicting, and Rule 32 applies to sentencing upon revocation of supervised release when the court imposes a new sentence based on conduct that occurred during supervised release. Rule 32 governs decision of what sentence to impose and Rule 32.1 governs decision whether to revoke supervised release.

## CONCLUSION

Defendant **VALERIECE D. EALOM** would like to request that this Honorable Court set a supervised release violation hearing.

Respectfully Submitted,

*/s/ Valeriece D. Ealom*

Valeriece D. Ealom

## CERTIFICATE OF SERVICE

      This is to certify that the foregoing motion is to be filed with the Clerk of the Court, United States District Court, Western District of Missouri, Western Division, 400 East 9th Street, Kansas City, Missouri 64106. This motion was sent via U.S. Mail, by the United States Postal Service.

Date: Jan, 21, 2018

                                                                                       Valeriece D. Ealom